**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

LINDA CUTLER, On Behalf of Herself
and all Others Similarly Situated

92 Atlantic Avenue, Apt. 2A
Brooklyn, NY 11201

              Plaintiff,

    v.

NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC.

              Defendant.

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Linda Cutler ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following, upon information and belief, except as to allegations concerning Plaintiff or her counsel, which are made upon personal knowledge, and except as otherwise indicated herein:

## I.   NATURE OF ACTION

1.     Plaintiff brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P") on behalf of herself and all other similarly situated individuals (the "Class") who, from October 2004 through and including December 2005 (the "Class Period"), took the Series 7 broker qualification examination ("Series 7) and were

notified, in error, by the National Association of Securities Dealers, Inc. ("NASD" or "Defendant") that they received a failing score.

2.     NASD's misconduct resulted in great loss to members of the Class, many of whom were just beginning their careers in the financial services industry.  Such harm includes dramatic reductions in their end year bonuses that constitute a significant portion of their compensation; lost salary increases; lost employment opportunities; harm to the reputation that they were building at a crucial stage in their careers; and even, in many cases, termination by their employers.

3.     The NASD is a private sector financial regulatory services provider with offices located nationwide.

4.     Companies that are regulated by and registered with the Defendant are referred to as member firms.

5.     The  Series 7 is an entry-level examination administered by the Defendant that qualifies individuals for registration with all self-regulatory organizations for the solicitation, purchase, and/or sale of all securities products, including corporate securities, municipal securities, municipal fund securities, options, direct participation programs, investment company products, and variable contracts.

6.     During the Class period, the Defendant administered the Series 7 to approximately 60,500 individuals.

7.     During the Class period, the Defendant erroneously notified the approximately 1,882 members of the Class that they had failed the Series 7.

8.     During the Class period, Class members notified their sponsoring agencies or member firms of the test results.

9.     In January 2006, the Defendant notified the members of the Class and the sponsoring member firms that the prior exam results were an error and that all members of the Class had, in fact, passed the exam.

10.     On January 6, 2006, the Defendant issued a press release stating that it erroneously told the members of the Class that they had failed the exam, when, in fact, they had passed.  The Defendant blamed its actions on a software error.

## II. JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) in that at least one member of the Class is a citizen of a State different from the Defendant named herein and the matter in controversy exceeds the sum or value of $5,000,000.

12.     Venue is proper in this District because the Defendant conducts substantial business here.

## III.  PARTIES

13.     Plaintiff Linda Cutler is an individual residing in Brooklyn, New York.  From May 2004 until February 2005, Plaintiff was employed by an office of Ryan Beck & Company located in New York City.

14.     Defendant NASD is a corporation with one of its principal offices located at 1735 K Street, NW, Washington, DC.

## IV. SUBSTANTIVE ALLEGATIONS

15.     The Defendant is a self-regulatory organization of securities firms. NASD is responsible for regulating the securities market and ensuring that member firm abide by the rules of the NASD and the Municipal Securities Rulemaking Board, as well as federal and state securities laws and regulations. The NASD is also responsible for administering tests relating to securities broker licensing.

16.     The Defendant maintains the Web Central Registration Depository ("CRD") computer database system. The system is responsible for processing membership applications for brokers and maintaining records regarding the status of a broker's registration. Member firms have access to the CRD. Moreover, the public can access the status of broker registration through NASD BrokerCheck, a service provided by the CRD system which allows the public to determine whether individuals, such as those who constitute the class, have passed exams administered by NASD, including the Series 7.

17.     In order for an individual to engage in the solicitation, purchase, and/or sale of any securities products, including corporate securities, municipal securities, municipal fund securities, options, direct participation programs, investment company products, and variable contracts, that person must pass the Series 7. This test consists of approximately 250 questions which are taken on a computer. The exam is scored immediately and the exam taker must receive a score of 70% in order to pass.

18. In     order for an individual to take the Series 7, he must be sponsored by a member firm. The member firm submits the exam taker's application and the exam taker

has 120 days to schedule the exam.

19.    From October 2004 through and including December 2005, the Defendant administered the Series 7 to approximately 60,500 individuals.

20.    In May 2004, the Plaintiff began working for Ryan Beck & Company as a senior associate.   Plaintiff was provided with a salary and the expectation that she would be awarded regular large bonuses based on her job performance and promoted upon successful completion of the Series 7.

21.    In February 2005, Ryan Beck and Company sponsored the Plaintiff for the Series 7.

22.    On February 7, 2005, Plaintiff took the Series 7  at the Thomson Prometric Test Center located at One Penn Plaza, New York, New York in this District.   After she completed the exam, she immediately received her test results. She was told she received 68% and consequently had failed the exam.  Plaintiff returned to her employer and notified her supervisor that she had not passed the exam.  Plaintiff's supervisor informed her that her job was in jeopardy and that he would let her know the status of her career with the firm . On February 9, 2005, Plaintiff's employer informed her that based on her failure of the exam, she could no longer continue her employment with the firm.   Plaintiff was allowed to resign. Consequently, the Plaintiff was unemployed and tried to acquire a new position in the financial services industry.  By this time, the Plaintiff's reputation had been irreparably harmed so she had great difficulty obtaining a new position.   Finally, in July 2005, the Plaintiff was able to obtain an new position at another investment firm.

23.     In January 2006, Defendant notified Plaintiff that the exam results she received in February 2005 were an error and that she had, in fact, passed the exam. The Plaintiff contacted her former employer to notify them of the mistake.  Although they sympathized with her situation, they were unable to invite her to return to their firm.

24.     On January 6, 2006, the Defendant posted a press release on its website entitled "NASD Says Software Error Impacts Certain Series 7 Exam Results."  The Defendant reported that it "has begun notifying a limited number of individuals who took the Series 7 broker qualification exam between Oct. 1, 2004 and Dec. 20, 2005 to tell them that they incorrectly received a failing grade due to a software error." The Defendant went on to further to say that it would correct CRD to reflect that these individuals were indeed qualified to act as general securities representatives and would notify the sponsoring firms. Additionally, the Defendant acknowledged that some individuals may no longer be associated with their sponsoring firms, so a 2 year period was granted for those individual to reassociate with a firm without having to retake the test.

## V.  CLASS ACTION ALLEGATIONS

25.     Plaintiff brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure in her representative capacity on behalf of himself and a class (the "Class") of all persons similarly situated, defined as follows:

> All individuals whom NASD erroneously told that they failed the Series 7 exam from October 2004 through December 2005.

26.     This action Plaintiff meets the following prerequisites of Rule 23(a) by which Plaintiff may bring this action on behalf of the Class:

a. **Numerosity.** The Class consists of nearly two thousand individuals and is so numerous that joinder of all members as individual plaintiffs is impracticable.

b. **Commonality.** There are questions of law and fact common to the Class. Such common questions include, but are not limited to:

- Whether the Defendant was negligent in its issuance of false exam results.
- Whether the Defendant interfered with the Class members' existing and future business relationships.
- Whether the Defendant was reckless in its failure to issue true exam results.
- Whether the Defendant's false statements damaged the reputations of the members of the Class.
- Whether, as a result of Defendant's misconduct, Plaintiff and the Class are entitled to damages, restitution, equitable relief and/or other damages and relief, and, if so, the amount and nature of such relief.

c. **Typicality.** Plaintiff's claims are typical of the claims of the Class.

d. **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests that are antagonistic to or in conflict with the interests of the Class as a whole, and Plaintiff has engaged competent counsel experienced in class actions and complex litigation.

27. This action is properly maintainable as a class action for the prior independent reasons and under the following portions of Rule 23:

a. The prosecution of separate actions by members of the Class would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or

impede their ability to protect their interests. Fed. R. Civ. P. 23(b)(1)(B).

b.      The Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive, declaratory, or other appropriate equitable relief with respect to the Class as a whole. Fed. R. Civ. P. 23(b)(2).

c.      Questions of law and fact common to members of the Class predominate over any questions affecting only individual members, and the class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3).

## VI.  <u>FIRST CAUSE OF ACTION</u>

### (Breach of Contract)

28.     Plaintiff on behalf of herself and all others similarly situated, realleges, as if fully set forth, each and every allegation previously alleged.

29.     The acts described in the Complaint constitute an implied contract between NASD and the Class members. Defendant breached that contract by failing to provide accurate test results to the Class members.

30.     Defendant's actions breached the contract in the following respects:

a.      Defendant, as the issuer of the exam, agreed to provide the exam taker with accurate results of her examination.

b.      The members of the Class, by registering to take the exam with the Defendant, entered into a contract with the Defendant.

8

    c.       The members of the Class fulfilled their obligations under the part

contract by appearing for and taking the exam paid for by their

sponsors.

    d.       The Defendant breached its part of the contract by failing to provide

the members of the class with accurate exam results.

31.     As a result of Defendant's acts as alleged in this Complaint, Plaintiff and

Class members suffered injury including, but not limited to, loss of wages and damages to

professional reputations.

## SECOND CAUSE OF ACTION

### (Gross Negligence)

32.     Plaintiff on behalf of herself and all others similarly situated, realleges, as if

fully set forth, each and every allegation previously alleged.

33.     The Class members, by registering for the exam, had a right to obtain accurate

test results.

34.     The Defendant failed to verify the accuracy of the results and ensure that the

software and computer system were working properly. This conduct was grossly

negligent because, as the administrator of an exam, the Defendant failed to use proper care

and was careless in such a manner that it showed a complete disregard for the rights of the

members of the Class.

35.     The Defendant failed to correct the mistake for 15 months and during this

time period, 60,500 test takers were subjected to the faulty system.